NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALEXANDER LARA,<br><br>  Petitioner,<br><br>v.<br><br>ROBERT CHETIRKIN, *et al.*,<br><br>  Respondents | Civil Action No. 21-14076(RMB)<br><br>**OPINION** |

BUMB, United States District Judge

This matter comes before the Court upon Petitioner Alexander Lara's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Pet., Dkt. No. 1); Respondents' Motion to Dismiss Pet. on Timeliness Grounds ("Mot. to Dismiss," Dkt. No. 5); and Petitioner's Reply Brief (Reply Brief, Dkt. No. 6.) The Court will determine the motion on the briefs without oral arguments, pursuant to Federal Rule of Civil Procedure 78(b).

I.   BACKGROUND

On December 12, 2012, Petitioner was found guilty by a jury in Camden County Superior Court on two counts of first-degree armed-robbery, second-degree unlawful possession of a weapon, second-degree possession of a weapon for an unlawful purpose, two counts of fourth-degree aggravated assault, third-degree terroristic threats, and first-degree conspiracy to commit robbery. (Ex. 2, Dkt. No. 5-6.) On April 12, 2013, Petitioner was sentenced to an aggregate 24-year term of imprisonment, subject to the No Early Release Act ("NERA"), N.J. ST. 2C:43-7.2. (*Id.*)

1

On October 21, 2013, Petitioner filed a notice of appeal and a notice of motion to file a notice of appeal as within time in the New Jersey Superior Court, Appellate Division. (Ex. 3, Dkt. No. 5-7.) On April 12, 2016, the Appellate Division affirmed the judgment of the trial court in part, reversed in part, and remanded for correction of the judgment of conviction to merge the conspiracy count. (Ex. 4, Dkt. No. 5-8.) The trial court filed an amended judgment of conviction on April 19, 2016. (Ex. 5, Dkt. No. 5-9.) After filing a notice of motion on April 21, Petitioner filed a petition for certification in the New Jersey Supreme Court on April 26, 2016. (Ex. 6, 7, Dkt. Nos. 5-10 and 5-11.) On July 26, 2016, the New Jersey Supreme Court denied Petitioner's petition for certification. (Ex. 8, Dkt. No. 5-12.)

Petitioner began his post-conviction proceedings by submitting a petition for post-conviction relief ("PCR"), received by the court on September 15, 2016, and filed on October 7, 2016. (Ex. 9, Dkt. No. 5-13.) He was subsequently assigned counsel. (Ex. 10, Dkt. Nos. 5-14.) On July 7, 2017, the Honorable Gwendolyn Blue, J.S.C., denied Petitioner's PCR petition. (Ex. 12, Dkt. No. 5-21.) On October 10, 2018, through his counsel, Petitioner filed a notice of PCR appeal, notice of motion to file a notice of appeal as within time, and a certification in the Appellate Division. (Ex. 13-16, Dkt. Nos. 5-22, 5-23, 5-23, 5-25.) On October 25, 2018, the Appellate Division granted Petitioner's motion to file a notice of appeal as within time. (Ex. 17, Dkt. No. 5-26.) By order of March 17, 2020, the Appellate Division granted the State's motion for a limited remand and retained jurisdiction. (Ex. 18, Dkt. No. 5-27.) On June 12, 2020, Judge Blue denied Petitioner's PCR motion, and her decision was affirmed by the Appellate Division on March 9, 2021. (Ex. 20, 21, Dkt. Nos. 5-29, 5-30.) Petitioner filed a notice of petition for certification in the New Jersey Supreme Court on March 15, 2021. (Ex. 22, 23, Dkt. Nos. 5-31, 5-32.) In an order dated June 15, 2021, filed

June 21, 2021, the New Jersey Supreme Court denied Petitioner's petition for certification. (Ex. 24, Dkt. No. 5-33.) On July 20, 2021, Petitioner placed his § 2254 habeas petition in the prison mailing system for filing in this Court. (Pet, Dkt. No. 1.)

II.     DISCUSSION

    A.     <u>Respondents' Motion to Dismiss</u>

Respondents argue that this Court should dismiss Petitioner's habeas petition because it was filed beyond the one-year limitation period provided in 28 U.S.C. § 2244. (Respts' Brief, Dkt. No. 5-1 at 12.) Respondents contend that Petitioner's direct appeal became final on October 25, 2016, 90 days after the New Jersey Supreme Court denied Petitioner's petition for certification. (*Id.*, Dkt. No. 5-1 at 18.) Thus, the one-year habeas limitation period started to run on October 26, 2016. (*Id.*) The limitations period was tolled, although it had not started to run, on September 15, 2016, when Petitioner's PCR petition was marked received. (*Id.*)

When the PCR court denied Petitioner's PCR petition on July 7, 2017, Petitioner had forty-five days, until August 22, 2017, to file a timely appeal in the New Jersey Superior Court, Appellate Division. (*Id.*, citing N.J. Ct. R. 2:4-1(a)). When he failed to do so, the habeas limitations period started to run on August 23, 2017. (*Id.*) The one-year period ran uninterrupted and expired one year later on August 23, 2018. (*Id.*) According to Respondents, Petitioner's habeas petition, placed in prison mailing system for filing on July 20, 2021, is untimely. (*Id.* at 18-19.)

Respondents contend that there was no time left to toll the one-year habeas limitations period on October 10, 2018, the day Petitioner filed a notice of motion to appeal as within time in the Appellate Division. (*Id.* at 19.) Furthermore, Respondents maintain that Petitioner is not entitled to statutory or equitable tolling for the time between August 23, 2017 and

October 19, 2018. (Respts' Brief, Dkt. No. 5-1 at 20-21.) Respondents acknowledge that Petitioner's counsel submitted a certification to the Appellate Division stating that he did not timely file a notice of appeal due to the high volume of cases being processed by the Public Defender's Office during a staff shortage. (*Id.* at 21, citing Ex. 16, Dkt. No. 5-25.) Respondents argue that this does not constitute "extraordinary circumstances" required for equitable tolling. (*Id.*, citing *See, Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).)

      B.      <u>Petitioner's Opposition to Dismissal on Timeliness Grounds</u>

Petitioner contends that he filed a timely petition for state post-conviction relief ("PCR") on September 10, 2016, tolling the one-year statute of limitations period pursuant to 28 U.S.C. § 2244 (d) (2), for the period when his PCR proceeding was pending. (Reply Brief, Dkt. No. 6 at 7.) He further argues that he should not be held responsible for the failure of the Office of the Public Defender to file a timely notice of appeal, and he is entitled to statutory tolling and, alternatively, equitable tolling. (*Id.* at 10-11.)

As to equitable tolling, Petitioner submits that the overwhelming caseload and staff shortages in the New Jersey Public Defender's Office constitutes an extraordinary circumstance that prevented him from filing a timely notice of appeal from the denial of his PCR petition. (*Id.* at 12.) Petitioner further contends that he acted with utmost diligence in pursuing his constitutional rights, but he was confronted with an inadequately staffed Public Defender's Office. (*Id.* at 12-18.) To establish his diligence, Petitioner points to his timely filing of his pro se PCR petition on September 10, 2016, his timely petition for certification to the New Jersey Supreme Court after the Appellate Division denied his PCR appeal, and filing his habeas petition within 40 days from when the New Jersey Supreme Court denied his petition for certification. (*Id.*)

      C.      Legal Standard

28 U.S.C. § 2244(d) provides, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

After a petitioner seeks review from the State's highest court, the judgment of conviction becomes final, and the limitations period begins to run after expiration of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012).

A properly-filed application for post-conviction relief tolls the habeas statute of limitations under 28 U.S.C. § 2244(d)(2). *Pace v. Diguglielmo*, 544 U.S. 408, 410 (2005). A "properly filed application" is one that was: (1) accepted for filing by the appropriate court officer; and (2) was filed within the time limits prescribed by the relevant jurisdiction. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). "Pending" under § 2244(d)(2) includes the period between a lower court's adverse determination and the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law. *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing *Carey v. Saffold*, 536 U.S. 214 (2002)). "[A] belated appeal that was

ultimately accepted through the application of a tolling mechanism or exception to the state law governing the period in which a petitioner may file an appeal" is not a timely filing that tolls the statute of limitations under § 2244(d)(2). *Martin v. Adm'r New Jersey State Prison*, 23 F.4th 261, 269–70 (3d Cir. 2022) Additionally "[Section] 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari" after state postconviction review. *Lawrence v. Fla.*, 549 U.S. 327, 332 (2007).

Equitable tolling applies to the one-year statute of limitations under 28 U.S.C. § 2244(d) in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling may be appropriate in circumstances where (1) the defendant has actively misled the plaintiff; (2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (citing *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy*, 240 F.3d at 244 (citations omitted).

 C. <u>Analysis</u>

  1. <u>Calculation of the limitations period</u>

The one-year habeas limitations period begins to run pursuant to § 2244(d)(1) when direct review is final. The Supreme Court has determined that "for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." *Gonzalez*, 565 U.S. at 137. Petitioner did not seek review in the New Jersey Supreme Court on direct appeal. There is no dispute that Petitioner's direct review became final on October 25, 2016.

The habeas limitations period is tolled, pursuant to § 2244(d)(2), upon a properly-filed application for post-conviction relief. A "properly-filed" application is one that was filed within the time limits prescribed by the relevant jurisdiction. *Artuz*, 531 U.S. at 8. Petitioner properly-filed his PCR petition before the 90-day period to seek certiorari from the U.S. Supreme Court on direct appeal expired.

The PCR court denied Petitioner's PCR petition on July 7, 2017. Under New Jersey law, Petitioner had 45 days to appeal, N.J. Ct. R. 2:4-1(a), causing his appeal to be due on August 22, 2017.[1] The statute of limitations began to run on August 23, 2017 and expired one year later. Petitioner, through counsel, filed a late notice of appeal on October 10, 2018. By that time, the one-year habeas limitation period had expired.

    2.    *Statutory tolling*

Petitioner is not entitled to statutory tolling under § 2244(d)(2) because his properly-filed PCR petition was no longer pending after his 45-day period to appeal the PCR court's denial of his PCR petition expired on August 21, 2017. "While it is true that a state court's acceptance of an untimely appeal breathes new life into the state PCR proceeding . . . it does not resuscitate the PCR petition for the period in which it was, for all practical purposes, defunct." *Martin*, 23 F.4th at 270-71. Stated differently, when a PCR petition is denied and a notice of appeal is not filed within the 45-day period, the PCR proceeding is no longer "pending" for purposes of the tolling provision in § 2244(d)(2). Thus, Petitioner is not entitled to statutory tolling based on the state court's acceptance of his belated notice of appeal filed as within time. The Court turns to Petitioner's equitable tolling argument.

---

[1] The computation of time is governed by Federal Rule of Civil Procedure 6(a). *Martin*, 23 F.4th at 268.

3.  *Equitable tolling*

It is a petitioner's burden to justify equitable tolling of the habeas statute of limitations by showing

> (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649, 130 S.Ct. 2549 (quoting *Pace*, 544 U.S. at 418, 125 S.Ct. 1807); *accord Munchinski* [*v. Wilson*], 694 F.3d [308,] 329 [3d Cir. 2012]; *see also Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) ("This conjunctive standard requires showing both elements before we will permit tolling.")

*Martin*, 23 F.4th at 273. Petitioner submits that the caseload and staffing shortages in the New Jersey Public Defender's Office that caused his PCR appeal counsel to belatedly file his notice of appeal are extraordinary circumstances that justify equitable tolling. He further claims that "the Appellate Division granted the motion to file as within time a notice of appeal from the denial of post-conviction relief precisely because appellant requested that his court-appointed counsel file a notice of appeal within the 45-day time limit to do so. (Reply Brief, Dkt. No. 6 at 12.)

Attorney Germadnig with the Intake Office of the Public Defender Appellate Section provided a certification to the Appellate Division in relation to Petitioner's October 10, 2018 motion to file a late notice of PCR appeal as within time. (Ex. 16, Dkt. No. 5-25 at 1.) He certified that a notice of appeal should have been filed in Petitioner's case by August 21, 2017, and Petitioner's attorney made a timely request to the Appellate Section, on July 17, 2017, to file the notice of appeal. (*Id.*) The overwhelming caseload and staff shortages in the Appellate Section, responsible for filing the notice of appeal, was the cause of the untimeliness and the basis for the request to appeal as within time. (*Id.*)

The Supreme Court has stated that it is unwillingly to "equitably toll limitations periods for every person whose attorney missed a deadline . . . particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence*, 549 U.S. at 336–37. Further, "a State's effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner's delay." *Id.* at 337. The Court explained "[i]t would be perverse indeed if providing prisoners with postconviction counsel deprived States of the benefit of the AEDPA statute of limitations." Here, Petitioner relied on PCR counsel to timely file his PCR appeal, but he has not established that counsel actively misled him or prevented him from timely asserting his habeas rights by either filing a timely **pro se** notice of PCR appeal to toll the limitations period or by filing a habeas petition and seeking a stay and abeyance pending his PCR proceedings pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Thus, Petitioner was not prevented from asserting his habeas rights in an extraordinary way. *See*, *Johnson v. Hendricks*, 314 F.3d 159, 162–63 (3d Cir. 2002) ("[a]lthough he received erroneous advice, Johnson was not prevented in an extraordinary way from asserting his rights.)

Even if a court-appointed attorney's failure to timely file an appeal due to an overwhelming caseload and staff shortage is an extraordinary circumstance establishing the first element of equitable tolling, Petitioner must still establish his own diligence in pursuing his rights. In equitable tolling cases where petitioners were found to have exercised reasonable diligence, those petitioners took steps to contact their attorneys or the courts for assistance before the limitations period expired. *See e.g.*, *Schlager v. Superintendent Fayette SCI*, 789 F. App'x 938, 941–42 (3d Cir. 2019) ("[the petitioner] reasonably relied on his counsel's repeated representations [in response to Petitioner's communications] that he would notify

9

[the petitioner] when the appeal was resolved"); *Ross v. Varano*, 712 F.3d 784, 802 (3d Cir. 2013) ("Ross regularly and repeatedly had attempted to pursue his appeal through letters and phone calls to his attorney and to the courts.")

Petitioner relies solely on the fact that his PCR appellate attorney timely requested that the Appellate Section of the Public Defender's Office file a notice of appeal. Petitioner has not argued that he contacted his counsel, the Public Defender's Office or the Appellate Division any time during his 45-day period to file a timely notice of appeal through the date his habeas limitations period expired one year later on August 23, 2018. *See, Martin*, 23 F. 4th at 274-75 ("waiting nine months to first inquire as to the status of his [PCR] appeal . . . suggests that he was 'sleeping on his rights.'" *Id.* (quoting *Munchinski*, 694 F.3d at 331.) Significantly, Petitioner does not allege that counsel actively misled him to believe filing a belated PCR appeal would toll the habeas limitations period and that he need not take any precautionary steps. *See, Ross*, 712 F.3d at 800 (quoting *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires ... such inadvertence on Doe's part cannot constitute reasonable diligence."). Therefore, Petitioner has not established his own reasonable diligence in pursuing his rights. In an exercise of caution, however, if Petitioner additional documentation or clarification that will establish equitable tolling under the standard discussed above, for instance any letters to or from his attorney that caused Petitioner to believe his PCR appeal was timely filed and the habeas statute of limitations remained tolled, he shall have 21 days from the date of entry of this Opinion to submit a motion for reconsideration. In absence of a timely submission by Petitioner, a final Order will be entered.

10

III.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner's habeas petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d), and Petitioner has not established that jurists of reason could disagree with his failure to establish a basis for statutory or equitable tolling of the statute of limitations. Therefore, the Court will deny a certificate of appealability.

IV.    CONCLUSION

For the reasons discussed above, Respondents' motion to dismiss is **GRANTED**, and the Court will not issue a certificate of appealability.

An appropriate order follows.

**Dated:**  <u>March 31, 2022</u>

                              <u>s/Renée Marie Bumb</u>
                              **RENÉE MARIE BUMB**
                              **United States District Judge**